FILED IN CHAMBERS
U.S.D.C. Rome

JAN 22 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAIN V. HARRIS, | |
| Appellant, | CIVIL ACTION |
| v. | NO. 1:07-CV-1927-RLV |
| MARK EVANS PULLEN and MARY KAY PULLEN, | |
| Appellees. | |

O R D E R

This matter is on appeal from a ruling by the Bankruptcy Court, which, inter alia, vacated its earlier order modifying the automatic stay of 11 U.S.C. § 362 and reinstituted that stay.

Because there is language in In re Dixie Broadcasting, Inc., 871 F.2d 1023 (11th Cir. 1989), suggesting that an appellate court has jurisdiction to hear appeals from orders granting or denying relief from a section 362 stay, the court GRANTS the appellant's motion for preliminary ruling that the ruling appealed is final [Doc. No. 4] and DENIES the appellees' motion to dismiss the appeal [Doc. No. 10].[1] The appellant's motion for oral argument [Doc. No. 8] is DENIED.

---

[1] Although the appellant seeks to raise other issues on this appeal, the court declines to consider those issues and, instead, restricts its review to the issue of whether the Bankruptcy Judge properly extended the automatic stay.

In June 1987, the debtors, Mark Evans Pullen and Mary Kay Pullen, purchased realty known as 330 Jade Cove Drive, Roswell, Fulton County, Georgia, and gave a deed to secure debt to Anchor Savings Bank for $85,000. John Ficklen sued Mark Pullen in the State Court of Fulton County, and on December 9, 1997, a $22,265 judgment was entered.

On January 6, 1998, the debtors gave a deed to secure debt to SunTrust Bank in the amount of $90,000. On May 2, 2006, the first deed to secure debt was subordinated to the Ficklen fi. fa., and on May 2, 2006, that deed to secure debt was assigned to Cain Harris. On August 1, 2006, the Fulton County Marshal levied upon Mark Pullen's one-half undivided interest in the realty and sold it to Helen Li for $50,000. This action divested Mark Pullen of his interest in the realty but left Mary Pullen owning a one-half undivided interest, subject to the first and second deeds to secure debt.

In October 2006, Harris commenced foreclosure proceedings against the realty. However, the debtors filed a Chapter 13 case on the afternoon before the sale. See Case No. 06-74293. That case was dismissed on January 11, 2007.

In March 2007, Harris again commenced foreclosure proceedings against the realty. At 6:20 p.m. on the day before the sale, the

2

debtors filed this Chapter 13 case. On the next day, counsel for Harris moved for relief from the automatic stay and presented an ex parte order to the Bankruptcy Judge, who entered an order that allowed the sale to continue but conditioned on the deed upon power of sale's not being recorded pending a hearing on the matter. At the sale, Mary Kay Pullen's one-half undivided interest was cried out and knocked off to Harris for $56,000.

On April 10, 2007, the debtors moved to extend the automatic stay, and a hearing was conducted on May 1, 2007. At the conclusion of that hearing, counsel for the debtors stated, "So at this particular point I think you ought to extend the stay. There are, as far as I can tell, a thousand and one ways to terminate a stay and a thousand and one reasons [sic]. So I think at this point the harm to our side is more to [sic] the harm to the public and to him in particular." Transcript of May 1, 2007, Hearing at p. 30. At which point the court said, "And I agree. Stay extended. It's early in the case. The debtor [sic] should have an opportunity to make this work." Id.

Although the Bankruptcy Judge orally announced her ruling at the conclusion of the hearing, a May 4, 2007, docket entry shows that the hearing was continued until May 22, 2007.

Despite that docket entry, counsel for the debtors prepared an order for the Bankruptcy Judge to sign (without giving opposing counsel the opportunity to review it), and the Bankruptcy Judge signed that order on May 10. The order stated that since the case had been filed within a year of a previously dismissed case, the debtors had to prove by a preponderance of evidence that their case was not filed in bad faith.[2] However, the court then went on to say simply, "The Court notes that the failure to file the pay advices is not bad faith if occasioned by mere inadvertence." May 10, 2007, Order at p. 2. There was no further discussion of bad faith.

On May 22, 2007, another hearing was held. Despite the fact that the May 10 order appears to have ruled on the motion to extend stay, the Clerk announced, "A motion of the debtor for the stay to be extended, also a motion of Cain Harris for the foreclosure to be validated." Transcript of May 22, 2007, Hearing at 2. The court again heard arguments about whether the stay should be extended. Following that hearing, an order was signed by the Bankruptcy Judge

---

[2] Harris, relying on section 362(c)(3)(C)(i)(II) argues that the appropriate standard is "clear and convincing." This court makes no determination as to the proper standard. This court holds that simply concluding that one act was not bad faith meets neither the preponderance nor the clear and convincing standard.

4

on July 6, 2007, which ruled on several motions, including (apparently) the already-ruled-on motion to extend stay.

In that order, the only discussion of bad faith is as follows:

> As is the practice of the undersigned when a motion alleges that a debtor has filed at least one prior case on the eve of foreclosure, an order was entered allowing Harris to cry out the foreclosure sale but prohibiting Harris from recording the deed transferring title to the Property or taking any other action against Debtor or the Property. Having now obtained a fuller explication of the facts surrounding the dispute between Harris and the Debtors, the undersigned is now convinced that Debtors filed this bankruptcy case in good faith in a legitimate attempt to protect their property and to reorganize.

July 6, 2007, Order at p. 3.

Because the Bankruptcy Judge made no factual findings with respect to the good faith or bad faith of the debtors, this court is unable to make a determination as to whether the debtors have, in fact, shown good faith.

That issue is REMANDED so that the Bankruptcy Judge can set out the factual basis for her conclusion that this case was not filed in bad faith.

SO ORDERED, this 22ⁿᵈ day of January, 2008.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge

5